PER CURIAM.
Remanded on the authority of Alford v. City of Gadsden, 349 So.2d 1132 (Ala. 1977), for a further hearing on the issue of estoppel. After such hearing, to be held within 28 days, the trial court shall report its findings and conclusions to this Court.
REMANDED.
TORBERT, C.J;, and MADDOX, JONES, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
ON RETURN TO REMAND
PER CURIAM.
On remand of this cause, the trial court entered the following findings of fact and legal conclusions:
“The Court finds from the evidence that at a meeting of the Vina Town Council on August 6, 1984, the matter of the subject mineral conveyance was discussed and approved by said Town Council, and pursuant to such decision on August 27, 1984, the defendant, acting by and through its Mayor and Clerk, executed a warranty deed to the plaintiff for the subject mineral rights. The Court further finds that the consideration for said conveyance was $6,648.00, which was paid to and retained by the defendant and subsequently used by the defendant in and about the repair and renovation of its streets and roads.
“The Court further finds that on August 28, 1984, the Town of Vina accepted a deed from the plaintiff of certain mineral acreage which was also the subject of the above deed of August 27, 1984. The Court further finds that on August 28, 1984, the plaintiff conveyed to Eva W. Wallace certain mineral acreage in and to the subject property. The Court further finds that on August 29, 1984, the plaintiff conveyed to Smith Enterprises certain mineral acreage in and to the subject property. The Court further finds that on August 29, 1984, the plaintiff conveyed to John C.A. Reimers certain mineral acreage in and to the subject property. The Court finds that all deeds pursuant to the August 27, 1984, deed were made by the plaintiff in reliance on the validity and efficacy of the August 27, 1984, deed into him from the defendant.
“The Court further finds that the above deeds to Eva W. Wallace, Smith Enterprises and John C.A. Reimers were warranted by the plaintiff to the extent of the consideration paid by the grantees. The Court further finds that the defendant ratified the title of plaintiff by accepting the August 28, 1984, deed from the plaintiff of certain mineral acreage into the subject property.
“In conclusion, it is the finding of this Court that the plaintiff has reasonably relied on the efficacy and validity of the August 27,1984, transaction and that the defendant, by and through its actions and representations, despite any technical shortcomings in its process of conveyance, is estopped from disputing the validity and binding effects of its own transaction with the plaintiff.”
Affirmed on the authority of Alford v. City of Gadsden, 349 So.2d 1132 (Ala. 1977).
AFFIRMED.
MADDOX, JONES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and ALMON, SHORES and ADAMS, JJ., dissent.